IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:22-CR-00142-JCB** |
| **v.** § | |
| § | |
| § | |
| **JOSE PINAL** § | |
| § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On December 16, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jose Pinal. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level 13 and criminal history category of IV, was 24 to 30 months. On September 12, 2024, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to 24 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug after-care, acquire a high school equivalency certificate, and $100 special assessment fee (paid). On September 24, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excused him from doing so. If Defendant did not have full-time employment, he had to try to find full-time employment, unless the probation officer excused him from doing so. In its petition, the government alleges that Defendant violated his conditions of supervised release when he failed to secure full-time employment since the start of his supervised release on September 24, 2024.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to secure full-time employment, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 6 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 6 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 17th day of December, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE